United States District Court
For the Northern District of California

1

2

3          IN THE UNITED STATES DISTRICT COURT

4          FOR THE NORTHERN DISTRICT OF CALIFORNIA

5    SEAN PATRICK DOYLE,                    No. C 12-2769 YGR (PR)

6              Plaintiff,             **ORDER GRANTING DEFENDANT
                                      HININGER'S MOTION TO SCREEN
7         v.                          COMPLAINT; DENYING PLAINTIFF'S
                                      MOTION TO REMAND; DISMISSING
8    CALIFORNIA DEPARTMENT OF          CERTAIN CLAIMS; AND SERVING
     CORRECTIONS AND REHABILITATION,   REMAINING COGNIZABLE CLAIMS**
9    et al.,

10             Defendants.                  (Docket Nos. 8, 14)
     _____/

11

12        On April 10, 2012, Plaintiff Sean Patrick Doyle filed this *pro se* civil rights complaint in the

13   Monterey County Superior Court.  Plaintiff's complaint, which is 106 pages, alleges state law

14   medical and retaliation claims under various statutes, and federal claims under 42 U.S.C. §§ 1983,

15   1985, 1988, and 1997(e) as well as under the Eighth Amendment.  Plaintiff names the following

16   Defendants: the California Department of Corrections and Rehabilitations ("CDCR"); Correctional

17   Training Facility ("CTF") Chief Medical Officer M. Sepulveda; CTF Chief Executive Officer G.

18   Ellis; California Correctional Health Care Services  ("CCHCS")[1] Chief J. D. Zamola; CCHCS

19   Receiver J. Clarke Kelso, CTF Physician M. Kuersten; and "Doe No. 1 through Doe No. 20."  The

20   Court notes that Plaintiff has identified Doe Defendants Nos. 18 through 20 to include "Correctional

21   Corporation of America ["CCA"] (Doe No. 20), and its agents, officers, or employees (Doe[] No. 18

22   and No. 19)."[2]  (Compl. at 6, 11-L.)  Plaintiff seeks monetary damages and injunctive relief.

23        On May 30, 2012, Defendant Damon T. Hininger, who Plaintiff acknowledged as the "Chief

24   _____

25        [1] Plaintiff's complaint stated that Defendants Zamola and Kelso were from the "California Prison
     Health Care Services."  (Compl. at 6.)  However, the correct name for that agency is the "California
26   Correctional Health Care Services."

27        [2] In naming CCA and its agents as defendants, Plaintiff specifically states: "To the extent that
     defendants Doe No. 18; Doe No. 19; and Doe No. 20, aka, Corrections Corporation of America [CCA],
28   and their agents or employees, including JOHN FERGUSON, Chairman of the Board of Directors;
     DAMON T. HININGER, Chief Executive Officer; BRUNO STOLC, Warden, Red Rock Correctional
     Facility . . . , were and are, at all times set forth hereinafter, independent contractors when they acted
     as ostensible agents of the defendant CDCR . . . ."  (Compl. at 11-O.)

United States District Court
For the Northern District of California

1    Executive Officer" of CCA (compl. at 11-O), removed this case to federal court pursuant to 28

2    U.S.C. § 1446.

3        Initially, this case was incorrectly designated as "440 Other Civil Rights," and assigned to

4    Magistrate Judge Paul S. Grewal.  In an Order dated June 5, 2012,  Judge Grewal determined that

5    this case should be designated as a prisoner civil rights action and ordered the Clerk of the Court to

6    properly designate it as such and reassigned it.

7        On June 7, 2012, this case was reassigned to the undersigned.

8                                        **DISCUSSION**

9    **I.    Defendant Hininger's Motion to Screen Complaint**

10       Before the Court is Defendant Hininger's request for screening of this complaint under 42

11   U.S.C. § 1915A (Docket No. 8).  That motion is now GRANTED as the Court will screen the

12   complaint below.

13       **A.    Standard of Review**

14       A federal court must conduct a preliminary screening in any case in which a prisoner seeks

15   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

16   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

17   are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

18   relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings

19   must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

20       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

21   (1) that a right secured by the Constitution or laws of the United States was violated, and

22   (2) that the alleged violation was committed by a person acting under the color of state law.  *West v.*

23   *Atkins*, 487 U.S. 42, 48 (1988).

24       **B.    Legal Claims**

25       First, the Eleventh Amendment prevents the CDCR, which is a state agency, from being sued

26   in federal court.  *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir.

27   2003) (Eleventh Amendment bars suit against state superior court and its employees); *Bennett v.*

28   *California*, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and California Department

United States District Court
For the Northern District of California

1   of Corrections not persons within meaning of Civil Rights Act); *see also Raygor v. Regents of the*

2   *University of Minnesota*, 534 U.S. 533, 541-42 (2002) (Eleventh Amendment bar includes state law

3   claims brought against a state in federal court under the supplemental jurisdiction statute, 28 U.S.C.

4   § 1367).  Therefore, all claims against the CDCR -- state and federal -- will be dismissed.

5      Second, Plaintiff cannot proceed against any Doe Defendants unless he first identifies them.

6   *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (plaintiff should be given

7   opportunity to identify unknown defendants).  As explained above, Plaintiff has identified Doe

8   Defendants Nos. 18 through 20 as the CCA and agents of the CCA.  However, all claims against the

9   unidentified Doe Defendants will be dismissed.  Should Plaintiff learn these Doe Defendants'

10  identities through discovery, he may move to file an amendment to the complaint to add these Doe

11  Defendants as a named defendant.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th

12  Cir. 2003).

13     Finally, liberally construed, Plaintiff's complaint appears to state cognizable claims for relief

14  under state and federal law against the remaining named defendants and should proceed, as

15  explained below.

16  **II.**    **Plaintiff's Motion to Remand**

17     Also before the Court is Plaintiff's motion to remand the case to state court for lack of federal

18  removal jurisdiction and consent from all served defendants (Docket No. 14).  As mentioned above,

19  Defendant Hininger, the Chief Executive Officer/President of named defendant CCA and the sole

20  served defendant, filed a notice of removal on grounds of federal question jurisdiction.  Plaintiff has

21  since filed the aforementioned motion to remand.  Plaintiff contends that because Defendant

22  Hininger was not specifically named as a defendant, then he has no standing to remove the action.

23  This contention is without merit.  Defendant Hininger, as Chief Executive Officer/President of a

24  named defendant-corporation, is authorized to both receive service, and to act on behalf of the

25  defendant-corporation.  In addition, a civil action brought in state court which contains both federal

26  and state law claims may be removed to federal court.  *See Chicago v. Int'l College of Surgeons*, 522

27  U.S. 156, 165-66 (1997) (district court has original jurisdiction over claims arising under federal

28  law, and may exercise supplemental jurisdiction over  accompanying state law claims so long as

1   those claims constitute "other claims that . . . form part of the same case or controversy" under 28

2   U.S.C. § 1367(a)); *Destfino v. Reiswig,* 630 F.3d 952, 956-57 (9th Cir. 2011) (failure to join all

3   defendants who were properly served in petition for removal not fatal because district court may

4   allow removing defendants to cure defect by obtaining joinder of all defendants prior to entry of

5   judgment; defendant who was not properly served at time of filing of petition for removal need not

6   join in petition for removal).  Accordingly, Plaintiff's motion for remand to state court (Docket No.

7   14) is DENIED.  *See id.*

8                                   **CONCLUSION**

9        For the foregoing reasons, the Court orders as follows:

10       1.    Defendant Hininger's request for screening of this complaint under 42 U.S.C.

11   § 1915A (Docket No. 8) is GRANTED.

12       2.    All state and federal claims against the CDCR are DISMISSED.

13       3.    All state and federal claims against the Doe Defendants, except Doe Defendants Nos.

14   18-20, are DISMISSED WITHOUT PREJUDICE.  If Plaintiff identifies the aforementioned Doe

15   Defendants, he may move to file an amendment to his complaint to add them as named defendants.

16       4.    The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of

17   Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all

18   attachments thereto (docket no. 1) and a copy of this Order to: **CTF Chief Medical Officer M.**

19   **Sepulveda; CTF Chief Executive Officer G. Ellis; CCHCS Chief J. D. Zamola; CCHCS**

20   **Receiver J. Clarke Kelso, and CTF Physician M. Kuersten**.  The Clerk of the Court shall also

21   mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San

22   Francisco as well as Defendant Hininger's counsel.  Additionally, the Clerk shall mail a copy of this

23   Order to Plaintiff.

24       5.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

25   them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant

26   to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of

27   Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of

28   such service unless good cause be shown for their failure to sign and return the waiver form.  If

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1   service is waived, this action will proceed as if Defendants had been served on the date that the

2   waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve

3   and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.

4   (This allows a longer time to respond than would be required if formal service of summons is

5   necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that

6   more completely describes the duties of the parties with regard to waiver of service of the summons.

7   If service is waived after the date provided in the Notice but before Defendants have been personally

8   served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was

9   sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

10          6.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil

11  Procedure.  The following briefing schedule shall govern dispositive motions in this action:

12          a.      No later than **ninety (90) days** from the date their answer is due, Defendants

13  shall file a motion for summary judgment or other dispositive motion.  The motion must be

14  supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil

15  Procedure 56, and must include as exhibits all records and incident reports stemming from the

16  events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[3] notice so

17  that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose

18  the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand*

19  must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to

20  exhaust available administrative remedies must be accompanied by a similar notice.  *Stratton v.*

21  *Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in

22  *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to

23  dismiss for failure to exhaust available administrative remedies).

24          If Defendants are of the opinion that this case cannot be resolved by summary judgment, they

25  shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed

26  with the Court shall be promptly served on Plaintiff.

27  

28  
            [3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

**United States District Court**
For the Northern District of California

1        b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court

2  and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is

3  filed.

4        c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the

5  Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do

6  in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted

7  when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that

8  would affect the result of your case, the party who asked for summary judgment is entitled to

9  judgment as a matter of law, which will end your case.  When a party you are suing makes a motion

10 for summary judgment that is properly supported by declarations (or other sworn testimony), you

11 cannot simply rely on what your complaint says.  Instead, you must set out specific facts in

12 declarations, depositions, answers to interrogatories, or authenticated documents, as provided in

13 Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show

14 that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in

15 opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is

16 granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

17      Plaintiff also is advised that a motion to dismiss for failure to exhaust available

18 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

19 prejudice.  You must "develop a record" and present it in your opposition in order to dispute any

20 "factual record" presented by the defendants in their motion to dismiss.  *Wyatt*, 315 F.3d at 1120

21 n.14.  You have the right to present any evidence to show that you did exhaust your available

22 administrative remedies before coming to federal court.  Such evidence may include:

23 (1) declarations, which are statements signed under penalty of perjury by you or others who have

24 personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by

25 a declaration showing where they came from and why they are authentic, or other sworn papers such

26 as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were

27 made under penalty of perjury and they show that you have personal knowledge of the matters state

28

therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed

issues of fact with regard to this portion of the case.  *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve

said notices again concurrently with motions to dismiss for failure to exhaust available

administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

d.      Defendants shall file a reply brief no later than **twenty-eight (28) days** after

the date Plaintiff's opposition is filed.

e.      The motion shall be deemed submitted as of the date the reply brief is due.

No hearing will be held on the motion unless the Court so orders at a later date.

7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil

Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose

Plaintiff and any other necessary witnesses confined in prison.

8.      All communications by Plaintiff with the Court must be served on Defendant

Hininger's counsel as well as the remaining Defendants or their counsel once counsel has been

designated, by mailing a true copy of the document to them.

9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

informed of any change of address and must comply with the Court's orders in a timely fashion.

Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

while an action is pending must promptly file a notice of change of address specifying the new

address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

(2) the Court fails to receive within sixty days of this return a written communication from the *pro*

*se* party indicating a current address.  *See* L.R. 3-11(b).

10.     Extensions of time are not favored, though reasonable extensions will be granted.

Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

deadline sought to be extended.

11.     Plaintiff's motion for remand to state court (Docket No. 14) is DENIED.

12.     This Order terminates Docket Nos. 8 and 14.

**IT IS SO ORDERED**.

DATED:    3/19/13

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
For the Northern District of California

1   UNITED STATES DISTRICT COURT

2   FOR THE

3   NORTHERN DISTRICT OF CALIFORNIA

4

5

6   SEAN PATRICK DOYLE,                          Case Number: CV12-02769 YGR

7                Plaintiff,                      **CERTIFICATE OF SERVICE**

8      v.

9   CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND REHABILITATIONS,
10  ET AL et al,

11               Defendant.
    _____/
12

13  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.
14
    That on March 19, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said
15  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
    envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
16  located in the Clerk's office.

17

18

19  Sean Patrick Doyle
    965 Vista Cerro Drive
20  Paso Robles, CA 93446

21

22  Dated: March 19, 2013
                                                Richard W. Wieking, Clerk
23                                              By: Lisa Clark, Deputy Clerk

24

25

26

27

28

G:\PRO-SE\YGR\CR.12\Doyle769.service&denyREMAND.wpd          9