United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SEAN PATRICK DOYLE,** | **Case No.: 12-CV-2769 YGR** |
| **Plaintiff,** | **ORDER REQUIRING FILING OF AMENDED COMPLAINT AND ATTENDANCE AT MANDATORY SETTLEMENT CONFERENCE** |
| v. | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS,** *et al.*, | |
| **Defendants.** | |

Plaintiff Sean Patrick Doyle, a prisoner in California state custody, filed the above-styled civil-rights action in May 2012 while proceeding pro se.  Plaintiff prosecuted his action without representation for over nineteen months until, on January 16, 2014, two attorneys appeared on his behalf.  (Dkt. No. 98.)  By that time, numerous motions had been filed, both by and against Plaintiff.  (Dkt. Nos. 30, 50, 51, 52, 58, 69, 71, 81, 93.)  Following the appearance of counsel for plaintiff, the Court denied all pending motions without prejudice so that future motion practice could proceed in an orderly and efficient manner.  (Dkt. No. 100.)  The Court further ordered the parties to file a joint case management statement.  (*Id.*)

Having reviewed the parties' statement, the Court orders as follows:

1.      The Court **DISMISSES WITHOUT PREJUDICE** plaintiff's operative complaint, which is 108 pages long, to give him the opportunity to file a **simple, concise, and direct** Amended Complaint that:

a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, such that it:

    i. Sets forth **each claim** in a separate numbered paragraph;

    ii. Identifies **each defendant** and the **specific action or actions** each defendant took, or failed to take, that allegedly caused the deprivation of plaintiff's constitutional rights; and

    iii. Identifies the injury resulting **from each claim**;

b. Explains how he has exhausted his administrative remedies as to **each** claim as against **each** defendant *before* he filed this action;

c. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and defendants) or, stated differently, claims that:

    i. Arise out of the same transaction, occurrence, or series of transactions or occurrences; and

    ii. Present questions of law or fact common to all defendants;

d. **Does not** make conclusory allegations linking each defendant by listing them as having "direct involvement" to his claims without specifying how each defendant was linked through their actions;

e. **Does not** name any defendant who did not act but is linked solely in his or her respondent superior capacity, or against whom plaintiff cannot allege facts that would establish either supervisorial or municipal liability; and

f. **Does not** name Doe defendants because any claims against Doe defendants are dismissed without prejudice to plaintiff moving for leave to amend to add them as named defendants once he learns their identities.

2. Plaintiff shall file his Amended Complaint within **thirty days** of the signature date of this Order.  Defendants shall file any response to the Amended Complaint within **thirty days** after plaintiff files said pleading.

///

///

2

3.      The parties are hereby **ORDERED** to attend a mandatory settlement conference with Magistrate Judge Vadas.  The parties shall complete the mandatory settlement conference no more than **120 days** after the signature date of this Order.

**IT IS SO ORDERED**.

Date: April 8, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

cc: MagRef Email;  Magistrate Judge Vadas

United States District Court
Northern District of California

3