1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SEAN PATRICK DOYLE,** | Case No.: 12-CV-2769 YGR |
| **Plaintiff,** | |
| v. | **ORDER ON MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS,** *et al.*, | |
| **Defendants.** | |

Now before the Court is the Joint Motion to Dismiss Plaintiff's First Amended Complaint of Defendants G. Ellis, L. Zamora, M. Sepulveda, M. Kuersten, and J. Clark Kelso ("individual CDCR defendants") (Dkt. No. 123), and the Motion to Dismiss of Defendant California Department of Corrections and Rehabilitation ("CDCR") (Dkt. No. 132).

Having considered the arguments in the papers and at the hearing, and for the reasons stated on the record and below, the Motion is **GRANTED** without leave to amend as to the claims against J. Clark Kelso and is **GRANTED** with leave to amend as to the remaining individual CDCR defendants. The Motion to Dismiss of CDCR is **GRANTED** without leave to amend.

**BACKGROUND**

Plaintiff Sean Patrick Doyle, a prisoner in California state custody, filed the above-styled civil-rights action in May 2012 while proceeding *pro se*. Plaintiff's original complaint, which was over 100 pages long, alleged various state law medical and retaliation claims, and federal claims

under 42 U.S.C. §§ 1983, 1985, 1988, and 1997(e), as well as under the Eighth Amendment. Plaintiff named the following defendants: CDCR; Correctional Training Facility ("CTF") Chief Medical Officer M. Sepulveda; CTF Chief Executive Officer G. Ellis; California Correctional Health Care Services ("CCHCS") Chief J. D. Zamora[1]; CCHCS Receiver J. Clarke Kelso, CTF Physician M. Kuersten; and "Doe No. 1 through Doe No. 20."  The Court notes that plaintiff has identified Doe Defendants Nos. 18 through 20 to include "Correctional Corporation of America ["CCA"] (Doe No. 20), and its agents, officers, or employees (Doe[] No. 18 and No. 19)." (Compl. at 6, 11-L.)

On January 16, 2014, two attorneys appeared on plaintiff's behalf.  (Dkt. No. 98.) Following the appearance of counsel, the Court ordered as follows:

1.   The Court **DISMISSES WITHOUT PREJUDICE** plaintiff's operative complaint, which is 108 pages long, to give him the opportunity to file a **simple, concise, and direct** Amended Complaint that:

   a.   States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, such that it:

      i.   Sets forth **each claim** in a separate numbered paragraph;

      ii.   Identifies **each defendant** and the **specific action or actions** each defendant took, or failed to take, that allegedly caused the deprivation of plaintiff's constitutional rights; and

      iii.   Identifies the injury resulting **from each claim**;

   b.   Explains how he has exhausted his administrative remedies as to **each** claim as against **each** defendant *before* he filed this action;

   c.   Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and defendants) or, stated differently, claims that:

      i.   Arise out of the same transaction, occurrence, or series of transactions or occurrences; and

---

[1]      In his Complaint, plaintiff erroneously referred to defendant as "Zamola."  Plaintiff has represented that this error will be corrected in his Second Amended Complaint.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii.     Present questions of law or fact common to all defendants;

d.  **Does not** make conclusory allegations linking each defendant by listing them as having "direct involvement" to his claims without specifying how each defendant was linked through their actions;

e.  **Does not** name any defendant who did not act but is linked solely in his or her respondent superior capacity, or against whom plaintiff cannot allege facts that would establish either supervisorial or municipal liability; and

f.  **Does not** name Doe defendants because any claims against Doe defendants are dismissed without prejudice to plaintiff moving for leave to amend to add them as named defendants once he learns their identities.

(Dkt. No. 103 at 2.)

        In response thereto, plaintiff filed his First Amended Complaint on May 8, 2014.  (Dkt. No. 106 ("FAC").)  Plaintiff now alleges only four claims for relief:  (1) violations of 42 U.S.C. section 1983; (2) Negligence; (3) Negligence *per se*; and (4) Injunctive Relief.  In addition, plaintiff now names only seven Defendants:  CDCR; Kelso; Sepulveda; Ellis; Zamora; Kuersten; and CCA.[2] Plaintiff seeks injunctive relief, monetary damages, attorneys' fees, and costs of suit.  (FAC at ¶ 46.)

        In support of these claims, plaintiff alleges that starting in 2000, he suffered from serious medical needs relating to his back that went unmet.  (FAC at ¶ 16.)  Plaintiff asserts that after beginning to experience significant and acute back pain, Dr. Harold D. Segal of the California Men's Colony-East at San Luis Obispo ("CMC-E") diagnosed him with degenerative disc disease. Dr. Segal prescribed epidural injections and told Plaintiff that he would require back surgery to correct the problem.  (FAC at ¶¶ 16-17.)  The individual CDCR defendants worked at the Correctional Training Facility where plaintiff was relocated after his time at CMC-E, and allegedly

---

[2]        In the Order dismissing plaintiff's original complaint (Dkt. No. 103 at 2), the Court ordered that plaintiff should not name Doe Defendants in his FAC.  Plaintiff has nonetheless included as defendants in his FAC Does 1-20.  As stated on the record, plaintiff's Doe defendants are **DISMISSED**.

United States District Court
Northern District of California

1    knew that plaintiff had these medical needs but nonetheless failed to take steps to address them.

2    (FAC at ¶¶ 9-12.)  All four of the individual CDCR defendants allegedly had the ability to obtain

3    the proper medical care for plaintiff, but did not so do.  (FAC at ¶¶ 9-12.)  Plaintiff further contends

4    that the individual CDCR defendants stopped plaintiff's epidural injections and transferred him to

5    the Correctional Training Facility at Soledad, California, when he complained that he was no

6    longer receiving his medication.[3]  (FAC at ¶ 18.)  Because of this transfer, plaintiff claims, the

7    surgery that Dr. Segal recommended was not performed.  (FAC at ¶ 19.)

8                                      **LEGAL STANDARD**

9           A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.

10   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

11   allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires

12   more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

13   will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[F]actual allegations

14   must be enough to raise a right to relief above the speculative level." *Id.*

15          In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material

16   allegations in the complaint, as well as all reasonable inferences to be drawn from them.  *Pareto v.*

17   *F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most

18   favorable to the nonmoving party.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.

19   2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n

20   keeping with these principles a court considering a motion to dismiss can choose to begin by

21   identifying pleadings that, because they are no more than conclusions, are not entitled to the

22   assumption of truth.  While legal conclusions can provide the framework of a complaint, they must

23   be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Moss v. United States*

24   _____

25   [3]     Plaintiff appears to claim that the individual CDCR defendants, all of whom worked at the
     Correctional Training Facility at Soledad, California, actively participated in stopping his epidural
     injections while he was housed at the California Men's Colony-East at San Luis Obispo and in
26   transferring him from that facility.  Should plaintiff elect to file a second amended complaint, he
27   must set forth factual allegations relating to how these defendants were capable of committing said
     acts despite not being employees of the facility in which plaintiff was housed when the acts alleged
28   occurred.

United States District Court
Northern District of California

*Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing *Twombly* and *Iqbal* ); *Sprewell*, 266 F.3d at 988; *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (*e.g.*, facts presented in briefs, affidavits, or discovery materials). *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996), *rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).  A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

ANALYSIS

**1.  Claims Against Federal Receiver J. Clark Kelso**

Kelso argues that plaintiff's FAC should be dismissed for three independent reasons.  First, Kelso contends that the FAC fails to meet the pleading standard set forth by *Twombly* and *Iqbal*. (Dkt. No. 123 at 10.)  Second, with respect to plaintiff's constitutional claims, Kelso asserts that he is not a state actor for purposes of 42 U.S.C. § 1983.  (*Id.* at 12.)  Third, as a Receiver appointed pursuant to a judicial order, Kelso is entitled to quasi-judicial immunity.  (*Id.* at 5.)

United States District Court
Northern District of California

1    As an initial matter, the Court finds that plaintiff's FAC does not state sufficiently "the

2   'grounds' of his 'entitlement to relief' " against Kelso. *Twombly*, 550 U.S. at 555.  In order to

3   overcome a motion to dismiss, the FAC must both state cognizable claims against Kelso and supply

4   enough "factual allegations" to support those claims. *Iqbal*, 556 U.S. at 678.  Here, plaintiff does

5   not advance any specific factual allegations against Kelso other than that he is the Court-appointed

6   Receiver with the "ability and power" to address his medical needs, and that Kelso has been "on

7   notice of Plaintiff's serious medical needs" since the filing of plaintiff's original Complaint, which

8   purportedly put Kelso on notice.  (FAC at ¶ 8.)  Such general assertions do not plausibly state a

9   claim for relief.  Without "factual content" to explain how and why Kelso is responsible for

10  plaintiff's injury, the Court cannot "draw [a] reasonable inference that [Kelso] is liable for the

11  misconduct alleged." *Iqbal*, 556 U.S. at 678.

12    More fundamentally, even if plaintiff could allege a plausible claim against Kelso, Kelso

13  would be immune from suit.  When Judge Henderson appointed a Receiver of the California prison

14  medical care system, he ordered that: "The Receiver and his staff shall have the status of officers

15  and agents of this Court and as such shall be vested with the same immunities as vest with this

16  Court."  Those judicial immunities extend to immunity from suit. *See Pierson v. Ray*, 286 U.S.

17  547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the

18  immunity of judges from liability for damages for acts committed within their judicial jurisdiction .

19  . ..").  This "quasi-judicial immunity" shields Kelso from suit for all actions taken in his capacity as

20  Receiver. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).  Here, plaintiff seeks to sue Kelso

21  in his capacity as Receiver for acts or omissions relating to plaintiff's medical needs.  Kelso is

22  immune. *See Haller v. Hartley*, No. 1:12-cv-01599 JLT (PC), 2013 WL 322321 (E.D. Cal. Jan. 28,

23  2013) ("[T]he Court finds that Kelso is entitled to quasi-judicial immunity and suit may not be

24  maintained against him.").  Accordingly, plaintiff's claims against Kelso must be dismissed. *See,*

25  *e.g., Mullis v. U.S. Bankr. Court for Dist. of Nevada,* 828 F.2d 1385, 1387 n. 6 (9th Cir. 1987).

26    Because no amendment could overcome Kelso's immunity from suit, any amendment

27  would be futile and the Court need not consider Kelso's remaining arguments.  For these reasons,

28  plaintiff's claims against Kelso are **Dismissed** with prejudice.

**2. Claims Against CDCR**

In his FAC, plaintiff asserts claims against CDCR for negligence, negligence *per se* pursuant to California Government Code section 845.6, and violation of the Eighth Amendment. CDCR has moved to dismiss these claims on the basis of its Eleventh Amendment immunity. (Dkt. No. 132.) In response thereto, plaintiff filed a statement of non-opposition wherein he acknowledged that the Eleventh Amendment bars his claims against CDCR. (Dkt. No. 137.) Plaintiff nonetheless suggests that the Court should remand his claims against CDCR to California state court pursuant to 28 U.S.C. section 1441(c)(2). The Court, having considered the arguments made at the hearing and having reviewed the parties' supplemental briefing on this question, finds remand inappropriate in this case.

It is well-established in the Ninth Circuit that a "dismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction, but instead rests on an affirmative defense." *Elmwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) (internal quotations omitted). The removal statute upon which plaintiff relies for his remand argument, however, does not contemplate that where an affirmative defense bars a federal court from entertaining a claim, a federal court should remand that claim to state court. *See* 28 U.S.C. § 1447(c) (mandating remand where subject-matter jurisdiction over the case is lacking; not addressing propriety of remand where affirmative defense bars federal court from presiding over claim). Where as here, plaintiff has made no showing that his ability to pursue these claims in state court would be materially prejudiced by a dismissal, dismissal of plaintiff's claims against CDCR is required. *See Randy's Trucking Inc. v. City of Shafter*, No. 08-CV-00819-OWW-DLB, 2008 WL 5156665, at *3 (E.D. Cal. Dec. 8, 2008).

Because CDCR is not a "person" under 42 U.S.C. section 1983, plaintiff would be unable to successfully litigate his Eighth Amendment claim against CDCR in California state court. *See Maldonado v. Harris*, 370 F.3d 945, 951 (2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute."); *see also Rossco Holdings Inc. v. State of California*, 212 Cal. App. 3d 642, 661-62 (2004) (State of California and its agencies are not "persons" under 42 U.S.C. section 1983.) Therefore dismissal with prejudice of

United States District Court
Northern District of California

the Eighth Amendment claim against CDCR is appropriate.  CDCR argues that plaintiff would be unable to successfully prosecute his state law negligence claims against CDCR in California state court because he has not complied with the California Tort Claims Act.  (Dkt. No. 142 at 3.) Because plaintiff's compliance with that Act is unsettled, dismissal with prejudice of his negligence claims against CDCR would be improper at this time.  Accordingly, plaintiff's Eighth Amendment claim against CDCR is **DISMISSED** with prejudice.  Plaintiff's state law claims against CDCR are **DISMISSED** without prejudice to his ability to bring these claims separately in state court.

### 3.  Eighth Amendment Claim Against the Individual CDCR Defendants

In his FAC, plaintiff alleges that the individual CDCR defendants Zamora, Ellis, Kuersten, and Sepulveda "were aware of Plaintiff's serious medical needs," "[knew] that Plaintiff faced a substantial risk of serious harm," and "fail[ed] to take reasonable steps . . . to obtain necessary and proper medical treatment for Plaintiff's medical conditions."  (FAC at ¶¶ 9-12.)  The individual CDCR defendants argue that plaintiff offers merely conclusory allegations and a bare recitation of the elements of a deliberate indifference claim.  (Dkt. No. 123 at 8-10.)  Specifically, they claim that plaintiff offers no factual support for his assertions that defendants knew of his medical issues, failed to act to remedy the situation, or had the ability to do so.  (Dkt. No. 123 at 8-10.)

The Court agrees that plaintiff's factual allegations are insufficient to make probable his Eighth Amendment claim against the individual CDCR defendants.  Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.*  The following are examples of indications that a prisoner has a "serious" need for medical treatment: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. *McGuckin v. Smith*, 974 F.2d 1050,

United States District Court
Northern District of California

1  1059–60 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133,

2  1136 (9th Cir. 1997) (en banc).

3       A prison official exhibits deliberate indifference when he knows of and disregards a

4  substantial risk of serious harm to inmate health.  *See Farmer*, 511 U.S. at 837.  The official must

5  both know of "facts from which the inference could be drawn" that an excessive risk of harm

6  exists, and he must actually draw that inference.  *Id.*  "A difference of opinion between a prisoner-

7  patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."

8  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  Where doctors have chosen one course

9  of action and a prisoner-plaintiff contends that they should have chosen another course of action,

10  the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable

11  under the circumstances . . . and the plaintiff must show that they chose this course in conscious

12  disregard of an excessive risk to plaintiff's health."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th

13  Cir. 1996) (internal citations omitted).

14       Here, plaintiff alleges that the individual CDCR defendants were "aware" of his "serious

15  medical needs," and that he "faced a substantial risk of harm," and they nonetheless failed to take

16  steps to ensure plaintiff was provided "necessary and proper medical treatment."  Other than the

17  recitation of the elements of his Eighth Amendment claim, however, plaintiff offers no factual

18  allegations to make his Eighth Amendment claim plausible.  For example, although plaintiff alleges

19  that defendants stopped his epidural injections, failed to provide him with pain medication, and did

20  not present him for appointments with doctors (FAC at ¶¶ 18, 20, 22), plaintiff provides no facts to

21  support his assertion that each of the named defendants knew of his serious medical need or that

22  they consciously disregarded a serious risk of harm.  By the same token, plaintiff does not specify

23  the role each individual defendant played in the operative factual basis for the alleged Eighth

24  Amendment violation, nor does he state facts to make plausible any inference relating to each

25  defendant's particular role in the alleged wrongdoing.  *See Twombly*, 550 U.S. at 555 (a pleading

26  should give the defendant fair notice of what the claim is and upon what grounds it rests).  Even

27  construed in the light most favorable to plaintiff, his conclusory and generalized allegations do not

28  state a claim that he is entitled to relief as to each of the individual CDCR defendants.

1    For these reasons, the Court finds that plaintiff has failed to state a claim under the Eighth

2    Amendment.  This claim is thus **DISMISSED** without prejudice.

3    ### 4.   State Law Negligence Claims against the Individual CDCR Defendants

4    Plaintiff next alleges claims for: (1) negligence; and (2) negligence *per se* pursuant to

5    California Government Code section 845.6 against the individual CDCR defendants.  The

6    individual CDCR defendants counter that plaintiff's negligence claim offers only conclusory

7    statements devoid of the facts necessary to properly state a claim.  (Dkt. No. 123 at 13-14.)  They

8    also argue that plaintiff has failed to allege facts sufficient to state a claim for negligence *per se*

9    under the statute.  (Dkt. No. 123 at 14-16.)  The Court considers each claim in turn.

10   ### A.  Negligence Claim

11   Under California law, an action in negligence requires a showing that the defendant owed

12   the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate

13   or legal cause of injuries suffered by the plaintiff.  *United States Liab. Ins. Co. v. Haidinger-Hayes,*

14   *Inc.*, 1 Cal.3d 586, 594 (Cal. 1970); 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 732, p.

15   60.

16   Plaintiff's negligence claim incorporates by reference all of the allegations in the FAC and

17   includes a recitation of the elements of a negligence claim.  (FAC at ¶ 35.)  But, as discussed in the

18   section immediately above, plaintiff's allegations amount to little more than conclusory statements

19   of culpability grounded in insufficient factual support and thus, do not demonstrate the requisite

20   plausibility under *Iqbal* and *Twombly*.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

21   Likewise, a bare recitation of the elements of a claim is insufficient to fulfill the pleading

22   requirements.  *See Twombly*, 550 U.S. at 555 (compliance with the pleading standards "requires

23   more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

24   will not do . . ..").  In order to state successfully a negligence claim, plaintiff must allege specific

25   facts that support an inference that each CDCR defendant's action or inaction comports with the

26   elements of his claim.  Because he has not done so, the Court finds that plaintiff's negligence claim

27   does not meet the FRCP Rule 8 pleading standard.  Accordingly, this claim is **DISMISSED** with

28   leave to amend.

**United States District Court**
**Northern District of California**

**B.  Negligence *Per Se* Claim**

To support his claim for negligence *per se*, plaintiff cites to California Government Code section 845.6.

Public entities in California are not liable for tortious injury unless liability is imposed by statute.  Cal. Govt. Code § 815.  "[S]overeign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute."  *Cochran v. Herzog Engraving Co.*, 155 Cal. App. 3d 405, 409 (1984).  Section 845.6 states in relevant part:

> "Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856 [concerning mental illness and addiction], a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."

*Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1070 (2013) (*review denied* May 1, 2013).

In order to state a claim under section 845.6, a prisoner must establish three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care.  *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006) (citation omitted).  "Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care."  *Watson v. State*, 21 Cal. App. 4th 836 (1993).

Plaintiff has not alleged facts sufficient to establish that defendants had the requisite knowledge of his need for medical care under the terms of section 845.6.  It is nowhere alleged that plaintiff's medical need was obvious or severe and that defendants knew and chose to ignore that need.  Rather, plaintiff's condition was chronic and he received regular treatment for his symptoms.  Plaintiff may desire different care than what he was provided, but this alone does not meet the standard for relief under section 845.6.  As discussed above, although plaintiff alleges that the defendants stopped his epidural injections, failed to provide him with pain medication, and did not present him for appointments with doctors (FAC at ¶¶ 18, 20, 22), plaintiff does not specify which

United States District Court
Northern District of California

1  of the individual CDCR defendants committed these acts, or allege what they knew of his condition

2  and when they knew it.  The only symptoms plaintiff alleges that he suffered were pressure in his

3  back and back pain.  (FAC at ¶ 25.)  To the extent that his disc disease manifested in symptoms that

4  were perceivable to the defendants, he would be well-advised to set those symptoms out in any

5  proposed Second Amended Complaint.  He must also plead facts making clear the role of each

6  individual CDCR defendant.  *See Twombly*, 550 U.S. at 555 (pleading should give the defendant

7  fair notice of what the claim is and upon what grounds it rests).  In light of these deficiencies, the

8  Court concludes that plaintiff has not complied with the pleading standard under FRCP 8(a).  For

9  this reason, plaintiff's claim under section 845.6 is **DISMISSED** without prejudice.

10     **C.  California Tort Claims Act**

11     As a final matter, plaintiff has failed to allege that with respect to his state law negligence

12  claims, he has complied with the California Tort Claims Act.  Cal. Gov't Code §§ 900–998.3.

13     The California Tort Claims Act requires, as a condition precedent to suit against a public

14  entity, the timely presentation of a written claim and the rejection of the claim in whole or in part.

15  *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing *Snipes v.*

16  *City of Bakersfield*, 145 Cal. App. 3d 861 (1983)).  "Where compliance with the Tort Claims Act is

17  required, the plaintiff must allege compliance or circumstances excusing compliance, or the

18  complaint is subject to general demurrer."  *Id.*; *see also Karim-Panahi v. Los Angeles Police Dep't*,

19  839 F.2d 621, 627 (9th Cir. 1988) (state tort law claims are barred unless presented to public entity

20  before commencing suit) (citing Cal. Gov't Code §§ 905, 945.4, 950.2 (West 1980); *Ortega v.*

21  *O'Connor*, 764 F.2d 703, 707 (9th Cir. 1985) (failure to comply with claim-filing requirements

22  imposed by California Torts Claims Act bars pendent state claims), *rev'd on other grounds*, 480

23  U.S. 709(1987); *Neal v. Gatlin*, 35 Cal. App. 3d 871, 877–78 (1973) (where public employee was

24  acting within employee's express or implied authority, notwithstanding wrongful nature of the act,

25  complaint based on such act was properly dismissed for failure to allege filing of claim with

26  employing public entity)).

27     Here, plaintiff's FAC does not mention, much less allege, compliance with California Tort

28  Claims Act procedures.  Although plaintiff broadly claims that he has exhausted his administrative

United States District Court
Northern District of California

remedies (FAC at ¶ 34), that alone is not sufficient.  In order for his suit against CDCR and the individual CDCR defendants to proceed here, plaintiff must demonstrate that he presented a written claim to CDCR that was rejected in whole or in part.  *See Moore v. Thomas*, 653 F. Supp. 2d 984, 1007 (N.D. Cal. 2009) (discussing the requirements for suing California state entities and employees; citing *Snipes*, 145 Cal. App. 3d 861).  Such a claim must be filed with the state entity within 6 months of the date of the incident unless leave to file a late claim is granted.  *Id.*  Plaintiff's FAC does not allege compliance with these requirements; nor does it even mention the California Tort Claims Act.

As was stated on the record during the hearing on this Motion, the parties are to meet and confer regarding plaintiff's compliance with the California Tort Claims Act.  Upon filing any proposed Second Amended Complaint, plaintiff shall provide a statement concerning the nature and result of the meet and confer.

For these reasons, Plaintiff's state law claims are **DISMISSED** without prejudice.

**5.  Injunctive Relief Remedy**

Plaintiff seeks an order from this Court "preventing Defendants from denying Plaintiff necessary medical care."  (FAC at ¶ 45.)  However, plaintiff's FAC does not demonstrate how the relief he requests would remedy his alleged injuries.  Plaintiff's FAC appears to request injunctive relief against CDCR and the individual CDCR defendants, but plaintiff is no longer housed in a CDCR facility.  (FAC at ¶ 41-46.)  The FAC also appears to request injunctive relief against defendant CCA, the operator of the facility where he is currently housed, but CCA has not been served as of the date of this Order.  At the hearing on this motion, plaintiff represented that the request for injunctive relief relates solely to defendant CCA, but his FAC does not reflect this fact.  Should plaintiff file a Motion for Leave to File a Second Amended Complaint and seek injunctive relief, he must specify to which defendants such relief pertains.

Accordingly, plaintiff's request for injunctive relief is **DISMISSED** without prejudice.

CONCLUSION

Accordingly, the Motion to Dismiss claims against Defendants G. Ellis, L. Zamora, M. Sepulveda, and M. Kuersten is **GRANTED** with leave to amend.  The Motion to Dismiss claims against Defendant J. Clark Kelso is **GRANTED** without leave to amend, and the claims against him are **DISMISSED** with prejudice.  The Motion to Dismiss of CDCR is **GRANTED** without leave to amend.  Plaintiff's state law claims against CDCR are **DISMISSED** without prejudice, and his Eighth Amendment claim against CDCR is **DISMISSED** with prejudice.

If plaintiff wishes to file a Second Amended Complaint, he must do so as part of a Motion for Leave to Amend, to be filed no later than **30 days** after the date of this Order.  Any Proposed Second Amended Complaint must fulfill the following requirements:

1. Plaintiff must take care to set out clearly which allegations pertain to which defendants and which facts support each allegation;

2. Plaintiff must specify which defendants are subject to injunctive and other forms of relief;

3. In order to plead state law negligence claims against the individual CDCR defendants, plaintiff must also affirmatively plead that he has fulfilled the exhaustion requirements of the California Tort Claims Act; and

4. Plaintiff may not name Doe defendants in a Proposed Second Amended Complaint.

In addition, plaintiff shall serve defendant CCA no later than **30 days** from the date of this Order.  Failure to serve CCA by this deadline shall result in dismissal of claims against CCA for failure to timely serve pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

Date: October 31, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California